UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Respondent/Plaintiff,<br>v.<br>DEVIN RAY KELBCH,<br>                              Petitioner/Defendant. | Case No. 3:17-cr-00040-LRH-WGC<br><br>ORDER |

Before the Court is petitioner Devin Ray Kelbch's ("Kelbch") motion, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 36). Kelbch filed his motion considering the recent ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government opposed (ECF No. 38), arguing that Kelbch's claims are procedurally barred because he did not raise them on direct appeal. In his reply (ECF No. 39), Kelbch maintains that the constitutional errors are structural. For the reasons contained within this Order, the Court denies his motion and denies him a certificate of appealability.

**I.     BACKGROUND**

On March 26, 2017, Reno police officers responded to a report of an individual passed out in a vehicle in an apartment parking lot. ECF No. 38, at 2. Upon arrival, the officers found Kelbch asleep at the wheel of a vehicle with the keys in the ignition while the vehicle was running. After waking up, Kelbch gave the officers a false identity because he was on parole and did not want to get revoked. Once officers discovered Kelbch's true identity, they also determined that the vehicle was stolen. In the vehicle, the officers found tools commonly used in burglaries, and, most notably, a modified .410 caliber shotgun.

Kelbch is an ex-felon, and in February 2018, Klebch pled guilty to Unlawful Possession of a Firearm by a Previously Convicted Felon. ECF No. 33. This Court sentenced Kelbch to 63 months' imprisonment followed by three years of supervised release. Kelbch did not appeal.

Now, Kelbch seeks to vacate his sentence pursuant to 28 U.S.C. § 2255.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f). That one-year limitation period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3). Kelbch filed his petition on June 16, 2020.

On June 21, 2019, the Supreme Court decided *Rehaif*, overturning established Ninth Circuit precedent. 139 S. Ct. 2191. In the past, the government was only required to prove that a defendant knowingly possessed a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2). *Id.* at 2200. Now, under *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." *Id.*

## III.    DISCUSSION

Kelbch argues that by leaving out the new *Rehaif* element from the original indictment, this Court lacked jurisdiction. ECF No. 36, at 14. Kelbch further alleges the omission in the indictment violated both his Fifth Amendment guarantee that a grand jury find probable cause to support all the necessary elements of a crime, and his Sixth Amendment right to effective assistance of counsel and to be informed of the nature and cause of the accusation. *Id.* at 16–19.

**A. Unconditional Guilty Plea**

The government contends that by pleading guilty unconditionally, Kelbch waived his right to make any non-jurisdictional challenges to the indictment; specifically, his Fifth and Sixth Amendment challenges. *See Tollet v. Henderson*, 411 U.S. 258, 267 (1973). ECF No. 38, at 14.

As part of his plea, Kelbch waived "all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." ECF No. 25, at 12. Consequently, Kelbch waived "all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013). Considering the plea's cut-and-dry language, the Court finds Kelbch's claims are barred by his guilty plea even in view of the exceptions to *Tollett v. Henderson*, 411 U.S. 258 (1973).[1] Nevertheless, the Court still finds it necessary to address the jurisdictional and procedural default arguments below.

**B.  Jurisdiction**

This Court "has jurisdiction of all crimes cognizable under the authority of the United States…." *Lamar v. United States*, 240 U.S. 60, 65 (1916). Any "objection that the indictment does not charge a crime against the United States goes only to the merits of the case," and does not deprive the court of jurisdiction. *Id.; see also United States v. Cotton*, 535 U.S. 625, 630 (2020) (reiterating *Lamar*). Quite importantly, the Ninth Circuit and decisions within the District of Nevada have relied on the principle announced in *Cotton* in cases considering the aftermath of *Rehaif*. *See, e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) ("[T]he indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction."); *see also United States v. Miller*, Case No. 3:15-cr-00047-HDM-WGC (D. Nev.

---

[1] *Tollett* limited federal habeas challenges to pre-plea constitutional violations. 411 U.S. at 267. Exceptions to this general rule include a claim which the state cannot "constitutionally prosecute." *Class v. U.S.*, 138 S. Ct. 789, 805 (2018) (quoting *Menna v. New York*, 423 U.S. 61, 63 (1975) (per curiam)). While Kelbch argues such an exception exists in the present instance (ECF No. 36, at 21), the Court agrees with other well-reasoned decisions in the District of Nevada which hold it does not. *See United States v. Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1 (D. Nev. Nov. 30, 2020) (finding that the exceptions to *Tollett* do not apply under *Rehaif* as the claims "could have been remedied by a new indictment.").

Dec. 8, 2020); *United States v. Baustamante*, Case No. 2:16-cr-00268-APG (D. Nev. Dec. 7, 2020).

Therefore, pursuant to Ninth Circuit precedent and decisions in this District, the Court had and continues to have jurisdiction over Kelbch's case despite *Rehaif*.

### C. Procedural Default

The government also argues that Kelbch's claims are procedurally defaulted. ECF No. 38, at 4. While a defendant certainly can question the underlying legality of his sentence or conviction, one who does not on direct appeal is procedurally defaulted from doing so unless they can demonstrate: (1) cause and prejudice; or (2) actual innocence. *See Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (citations omitted). "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Kelbch did not challenge the validity of the indictment and/or plea on direct appeal, but instead, argues his claims have not procedurally defaulted because he can demonstrate cause and prejudice, or, in the alternative, the omission in his indictment is a structural error and therefore only requires a showing of cause. ECF No. 39, at 8–17. Each argument is addressed in turn.

#### 1. Cause

Kelbch can likely demonstrate cause. *Rehaif* overturned long standing precedent in the Ninth Circuit, and the decision's constitutional consequences were not "reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

#### 2. Prejudice

Still, Kelbch cannot demonstrate prejudice. The Ninth Circuit has found in numerous scenarios that, even if a defendant had been aware that the Government would need to prove the knowledge-of-status element, there is no reasonable probability that the outcome would have been different. *See United States v. Espinoza,* 816 F. App'x 82, 84 (9th Cir. 2020) (holding that "the failure of the indictment and plea colloquy to include the element of knowledge of felon status does not require us to vacate [the] conviction…"); *United States v. Schmidt*, 792 F. App'x 521, 522 (9th Cir. 2020) ("Although [defendant] did not argue below that the government was required

4

to prove [defendant] knew he was a felon, under any standard of review there was overwhelming evidence that [defendant] knew he was a felon when he possessed the firearms at issue in this case."); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (finding in the trial context that, "even if the district court had instructed the jury on the knowledge-of-status element, there is no reasonable probability that the jury would have reached a different verdict…"). In other words, the Ninth Circuit has repeatedly found no actual harm resulted from alleged constitutional violations stemming from the decision in *Rehaif* in cases involving comparable facts to Kelbch's.

Here, Kelbch admitted that he had a prior felony at the time he possessed the weapon. ECF No. 25, at 3. In addition, Kelbch had previously served a term of imprisonment of more than a year in each of at least three prior felony convictions. The Court is not persuaded that the inclusion of the *Rehaif* element would have changed Kelbch's decision to plead guilty or that his plea was involuntary.

Accordingly, there is no reasonable probability, but for the *Rehaif* error, that the outcome of the proceeding would have been different. Therefore, because Kelbch has not demonstrated both cause and prejudice, he procedurally defaulted on his claims questioning the legality of his conviction.

**D. Structural Error**

Alternatively, Kelbch argues the constitutional errors are structural, therefore only requiring a showing of cause. "[C]ertain errors, termed structural errors, might affect substantial rights regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (citations omitted). Structural errors go to the very heart of the trial and are not "simply an error in the trial process itself." *Arizona v. Fulimante*, 499 U.S. 279, 310 (1991).

While the Ninth Circuit has not decided whether the knowledge-of-status element in *Rehaif* presents issues of structural error, numerous other circuits have concluded it does not. *See United States v. Nasir*, 2020 WL 7041357, at *19, n.30 (3d Cir. Dec. 1, 2020); *United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020).

The Court agrees with these circuit courts and concludes that *Rehaif* likely does not involve the limited class of errors the Supreme Court has deemed structural.

### E. Certificate of Appealability is Denied

To proceed with an appeal of this Order, Kelbch must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22; 9TH CIR. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). For the Court to grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And the petitioner bears the burden of demonstrating that the issues are debatable among reasonable jurists; that a court could resolve the issues differently; or that the issues are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (citation omitted).

As discussed above, Kelbch has failed to raise a meritorious challenge to his conviction and sentence pursuant to the Ninth Circuit's decisions following *Rehaif*. As such, the Court finds that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong. *See Allen*, 435 F.3d at 950–51. Therefore, the Court denies Kelbch a certificate of appealability.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Kelbch's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 36) is **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final Judgment denying Kelbch's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

IT IS SO ORDERED.

DATED this 7th day of January, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE